## TRAFFIC IN NON-INTOXICANTS NOT SUBJECT TO DOW LAW TAX.

Circuit Court of Guernsey County.

JOHN MURRAY v. J. A. LAFOLLETTE, TREASURER.

Decided, April Term, 1909.

*Taxation—Sale of Non-Intoxicating Liquor—Not Subject to the $1,000 Dow Law Tax—Meaning of the Word "Other"—Section 4364-9.*

1. There are two definitions of the word "other." One applies to and includes articles which are specifically named; the other has application to articles of the same kind as those generally described.
2. Traffic in non-intoxicating liquor is not subject to the Dow tax.

LAUBIE, J.; COOK, J., and METCALFE, J., concur.

The action below was brought by the county treasurer to recover the tax imposed upon parties engaged in the business of trafficking in intoxicating liquors, claiming that Murray, defendant below and plaintiff here, was engaged in such business and therefore liable for this tax, and the court below so held.

There is an agreed statement of facts which, with the pleadings, constitute the record; and in the agreed statement of facts it is declared that the traffic in which this man was engaged was not in intoxicating liquors. He was selling Friedon malt beer, which it is agreed by the parties was not intoxicating. The claim of the defendant below, plaintiff in error, is that no tax under the statute could be levied upon the traffic in non-intoxicating liquor, and that is the question presented to us; and its settlement depends upon the construction to be given to the statute.

That statute is in the 98th volume of annual laws of the state, commencing upon page 99. It is an amendment of Section 1 of the Dow act "providing against the evils resulting from the traffic in intoxicating liquors," as amended February 20, 1896, which it changed in two respects in reference to the matter in question and reads as follows:

"Upon the business of trafficking in spirituous, vinous, malt or other intoxicating liquors, there shall be assessed yearly and shall be paid into the county treasury, as hereinafter provided, by every person, corporation or co-partnership engaged therein, and for each place where such business is carried on by or for such persons, corporations, or co-partnership, the sum of one thousand dollars."

One amendment is in regard to the amount of the tax, which is increased, and the other is in reference to the liquors trafficked in. Both of the former sections described them as "spirituous, vinous, malt, or any intoxicating liquors," with a comma after the words "spiritous, vinous, malt," while in the present act they are described as "spirituous, vinous, malt or other intoxicating liquors," with no comma after the word "malt," so that the Legislature, in thus altering the statute, must have intended to limit the tax to the traffic in intoxicating liquors only.

The Supreme Court (68 O. S., 635, 644) in construing Section 1, as amended February 20, 1896, did ho'd that malt liquor was of two kinds, intoxicating and non-intoxicating, and that the words in such section, to-wit, "malt, or any intoxicating liquors," were so broad as to include both—that the generic term "malt liquors" included both. Since that decision was made and published this amendment was made changing the wording and punctuation of the statute, and it is fair to assume that the Legislature thereby intended to change and limit the kind of liquor trafficked in, when it increased the tax so heavily in an effort to abolish the evils resulting from the traffic in *intoxicating* liquors. Undoubtedly it did mean a change so far as the amount of the tax is concerned, because it increased it, and the question now is whether or not the Legislature intended to change the law in the other respect, in view of the ruling of the Supreme Court upon the original act, by changing the words "malt, or any intoxicating liquors" to "malt or *other* intoxicating liquors."

The word "other" has, and is entitled to and receives a double meaning in phrases of this character. It will, for example, include all other articles of the kind named, not theretofore specified, as where a number of intoxicating liquors are specifically

named followed by the words "or other intoxicating liquors."
Again, the 'use of the word in the phrase "spirituous, vinous,
malt or other intoxicating liquors" illustrates the other use of
the word "other."   Where it is thus connected and coupled with
mere adjectives, then it means that all the articles thus pre-
viously referred to, but not specifically named, are of the char-
acter generally described, to-wit, *intoxicating liquors.*

Section 16 of Article II of the Constitution provides that
all acts of a general nature shall have but one subject, and that
such subject shall be expressed in the title of the act.   "The titles
are parts of the statutes, and are to be considered in arriving
at the intent of the Legislature" (57 O. S., 94).   If therefore,
there were any doubt upon the question here, whether or not
the word "malt" as here used means both characters of liquors,
intoxicating and non-intoxicating, then the court would look to
the title itself in order to enable it to find and ascertain what
meaning the Legislature intended by such word; and here, if
there be any doubt about it, the title of this act removes all such
doubt.

It is entitled "An act providing against the evils resulting
from the traffic in intoxicating liquors," and the act itself refers
solely to intoxicating liquors, which would seem to indicate
pretty clearly that the Legislature intended to impose the tax
solely upon traffic in intoxicating liquors. The subject-matter of
this, the Dow act, as expressed in the body of the act as well as
in the title, is *intoxicating* liquors, with the expressed purpose
and design of abolishing "the evils resulting from the *traffic* in
*intoxicating* liquors;" and how can any one conceive, from the
use of such language, defining expressly the *subject* and *purpose*
of the act, that the Legislature intended to, or did, impose the
tax upon the traffic in *non*-intoxicating liquors, as well as in-
toxicating liquors.

But the words of the section in question, "upon the business of
trafficking in spirituous, vinous, malt or *other* intoxicating
liquors," need no such help in their construction.   There is a
comma after "spirituous" and after "vinous" but none after
"malt."   It is connected directly and coupled with the words "or
*other intoxicating* liquors."

Where in a statute of this character an article is particularly specified and named, to which is attached a well understood meaning, there might be a different construction put upon it, and there has been in such a case by the Supreme Court of this state. But here "spirituous, vinous, malt," what are they? Spirituous what? Vinous what? Malt what? We know not until we reach that which they define, the subject-matter of the act, "intoxicating liquors," the traffic in which is to be taxed. Then we know that the articles are spirituous *intoxicating liquor,* vinous *intoxicating liquor,* malt *intoxicating liquor!* "Spirituous," "vinous," "malt" are adjectives as thus used, and do not define any article standing alone. Malt is a grain, commonly known as barley. Would any one contend the Legislature intended to tax trafficking in barley? As here used it is a mere adjective, and it was not intended to name a certain article, trafficking in which was to be taxed.

In the 9th Ohio, page 11, *Cincinnati, Lebanon & Springfield Turnpike Co.* v. *Neil et al,* where the question was as to toll, this part of the provision was before the court for construction: "for every coach, chariot or other four-wheeled pleasure carriage"; and it was claimed that a stage coach was not a "pleasure carriage" and that the act included only pleasure carriages. Now the word "coach" is a noun and was thus used as such, and specified a definite article. The court says in this connection:

"It is contended the word 'other' in the clause of the act describing these vehicles, refers to coach as well as chariot, and the substantive 'chariot' used in the sentence adjectively, qualifies 'coach,' and carries with it the signification of 'pleasure coach.' We do not so understand it. 'Coach' forms a distinct member of the sentence; 'chariot' then intervenes; and this, Johnson defines a 'half coach with four wheels, used for convenience and pleasure.' Then follow the words *other four wheeled pleasure carriage* and 'chariot' and 'carriage' are coupled directly by the disjunctive *or,* intended to comprehend all pleasure carriages, other than chariots, but having no relation to coaches. We would not oppose the mere grammatical construction of a sentence, to the obvious meaning of the Legislature; but both concur here. A *mail* coach and a *stage* coach, are nevertheless coaches. A coach is the description in the act. The defendants' coaches are run on the road with the mail and with passengers and must pay the toll assessed upon coaches."

So that the term "coach" was held to be a distict member of the sentence, and not used adjectively, and of itself defined a certain kind of vehicle. Do the words spirituous, vinous, or malt, as here used, define a specific article? And here malt and the words "other intoxicating liquors" are coupled directly together by the disjunctive word "or," intending to comprehend all intoxicating liquors other than those *made from malt,* and thus includes only such liquors made from malt as are intoxicating.

Neither spirituous, vinous nor malt, standing alone defines any special article, and it can not be told what article is meant by the Legislature until the words "intoxicating liquors" are reached.

In *Myers* v. *Seaberger,* 45 O. S., in the opinion, commencing upon page 235, the court says:

"The rule as above stated is qualified as to 'money' by Section 2734, Rev. Stats. By this section every person of full age and sound mind is required to list for taxation 'all moneys, invested, loaned or otherwise controlled by him, as agent or attorney, or on account of any other person or persons.' The agent of the defendant had no power to loan or invest money for her in this state. His duties were confined to the collection of that which had been loaned and transmitting it to his principal as fast as it was collected. The phrase 'or otherwise controlled my him' must be construed to mean, in a manner similar to the loaning and investing of money; for it is a settled rule of construction that, in accordance with the maxim *noscitur a sociis,* the meaning of a word may be ascertaind by reference to the meaning of words associated with it; and again, according to a similar rule, the coupling of words together shows that they are to be understood in the same sense."

Both of these maxims—*noscitur a sociis,* and *ejusdem generis*—apply to the case here.

Here "malt or other intoxicating liquors" are coupled together. Neither "spirituous," "vinous" nor "malt" is a distinct part of the sentence, but are coupled with, and their meaning can be ascertained only by reference to, the words "or other intoxicating liquors," so that, under these rules, where all are associated together, are combined together, they frame but one

intent, purpose and meaning, and that is to levy a tax upon trafficking in ·intoxicating liquors, as specified in the title.

We can see no good reason why this case should not be reversed, there being no dispute, but it being agreed, as to the facts, that the trafficking in malt by defendant below was not in intoxicating malt, but in non-intoxicating, and the petition of the plaintiff below will be dismissed at his costs.